577 F.2d 1009
 William B. WILLARD, Sr., Plaintiff-Appellant,
v.
THE JOHN HAYWARD et al., Defendants-Appellees,
XYZ Insurance Company, Defendant.
 No. 77-2617
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 7, 1978.
 
 Dan C. Garner, New Orleans, La., for plaintiff-appellant.
 Don M. Richard, New Orleans, La., for Ocean Drilling & Exploration.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this Jones Act, 46 U.S.C.A. § 688, and general maritime seaman's suit, plaintiff alleges he suffered a knee injury due to defendant's negligence. The jury was given five interrogatories in accordance with Fed.R.Civ.P. Rule 49(a). The jury returned its verdict to the court:
 
 
 2
 Following the reading of the verdict, the jury was polled and discharged. After the jury was discharged, the trial judge read the balance of the interrogatories:The district court entered judgment for defendant.
 
 
 3
 Plaintiff appeals on the ground that the jury's answers to the interrogatories were irreconcilably inconsistent. He argues that, on the one hand, the jury found defendant's negligence played no part in producing plaintiff's injury (Interrogatory No. 1 and No. 1(A)). On the other hand, the jury found plaintiff's negligence contributed only 75% to his injuries. There being only two litigious entities capable of negligence, if plaintiff was 75% negligent, then plaintiff argues the defendant must have been 25% negligent in causing the injuries. Thus, he contends, the answer to Interrogatory No. 1(A) is irreconcilably inconsistent with the answer to Interrogatory No. 4.
 
 
 4
 The law argued by plaintiff is sound. If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial. Morrison v. Frito-Lay, Inc., 546 F.2d 154, 160 (5th Cir. 1977); Miller v. Royal Netherlands Steamship Co., 508 F.2d 1103, 1106 (5th Cir. 1975).
 
 
 5
 Answers should be considered inconsistent, however, only if there is no way to reconcile them. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Griffin v. Matherne, 471 F.2d 911, 915 (5th Cir. 1973). The test is whether the jury's answers can "be said to represent a logical and probable decision on the relevant issues as submitted." Id.; Miller, supra, 508 F.2d at 1106-1107.
 
 
 6
 In this case, plaintiff overlooks the fact that at trial much stress was placed on a preexisting knee problem which made plaintiff more vulnerable to injury. Defendant correctly argues that the jury could easily have considered that plaintiff's injuries were 25% caused by the preexisting knee problem rather than by either of the parties, so its answers to Interrogatories No. 1(A) and No. 4 are not inconsistent. Even a jury verdict inconsistent on its face is not inconsistent if it can be explained by assuming the jury reasonably misunderstood the instructions. See, e. g., Miller, supra, 508 F.2d at 1107. At one point, the trial judge instructed the jury that they should not answer the comparative negligence issue unless they found defendant's negligence caused injury. The special interrogatories, however, were conditioned so that the jury was required to answer Interrogatory No. 4 even if the jury answered Nos. 1 and 1(A) in the negative. Thus, the jury could have been led to believe it could properly attribute part of the cause to the previous knee problem in answering Interrogatory No. 4.
 
 
 7
 The answers to the interrogatories being easily reconcilable on the record before the trial court, no error occurred in entering judgment for defendant and denying plaintiff's alternative motions for judgment n. o. v. or a new trial.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I